11-052057

## IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT
## ST. CLAIR COUNTY, BELLEVILLE, ILLINOIS

FIRST HORIZON HOME LOANS, A DIVISION
OF FIRST TENNESSEE BANK NATIONAL
ASSOCIATION
        PLAINTIFF,

-vs-

GEORGE A. SONGER A/K/A GEORGE ALLEN
SONGER A/K/A GEORGE ALLEN SONGER,
SR.; CORINNA SONGER; STATE OF ILLINOIS;
ST. CLAIR COUNTY; UNITED STATES OF
AMERICA; UNKNOWN OWNERS AND NON-
RECORD CLAIMANTS
        DEFENDANTS

NO.     11CH480

*Kahalah A. Dixon*
****** Electronically Filed ******
Transaction Id : 17163171
11CH480
05/09/2011
BREM,SUSAN

## COMPLAINT TO FORECLOSE MORTGAGE
## COUNT I

Plaintiff, by its Attorneys, FISHER AND SHAPIRO, LLC, states as follows:

1.    Plaintiff files this complaint pursuant to 735 ILCS 5/15-1101 et. seq., to foreclose the mortgage, trust deed or other conveyance in the nature of a mortgage (hereinafter called "Mortgage") hereinafter described and joins the following persons as defendants:

George A. Songer a/k/a George Allen Songer a/k/a George Allen Songer, Sr.
Corinna Songer
State of Illinois
St. Clair County
United States of America
Unknown Owners and Non-Record Claimants

2.    Plaintiff has heretofore elected to declare the whole of the principal sum remaining unpaid together with interest thereon to become immediately due and payable and by the filing of this complaint Plaintiff has confirmed said election.

3.    Attached as "EXHIBIT A" is a copy of the Mortgage. Attached as "EXHIBIT B" is a copy of the Note secured thereby.

4.    Information concerning said mortgage:

    a)    Nature of the instrument: Mortgage
    b)    Date of the Mortgage: July 18, 2008
    c)    Name or Names of the Mortgagors: George A. Songer

Exhibit B

d) Name of the mortgagee, trustee or grantee in the Mortgage: Mortgage Electronic Registration Systems, Inc., as Nominee for First Horizon Home Loans, a Division of First Tennessee Bank N.A.

e) Date and place of recording:

Mortgage Date and Place of recording: July 21, 2008   St. Clair County Recorder's Office

f) Identification of recording:

Mortgage: Document No. A02114853

g) Interest subject to the mortgage:  Fee simple

h) Amount of original Indebtedness, including subsequent advances made under the mortgage: $59,377.00

i) Legal description of Mortgaged premises and common address (hereinafter "Mortgaged Premises"):

THE SURFACE OF LOTS 4 AND 5 OF "SUBDIVISION OF PART OF LOT 7B OF SOUTHEAST QUARTER (1/4) SECTION 7 TOWNSHIP ONE (1) NORTH RANGE EIGHT (8) WEST", REFERENCE BEING HAD TO THE PLAT THEREOF RECORDED IN THE RECORDER'S OFFICE OF ST. CLAIR COUNTY, ILLINOIS. EXCEPTING A STRIP OF LAND 4 FEET WIDE OFF THE SOUTHEASTERLY SIDE OF EACH OF SAID LOTS RESERVED FOR ALLEY PURPOSES, SITUATED IN ST. CLAIR COUNTY, ILLINOIS. EXCEPT THE COAL, OIL, GAS AND OTHER MINERALS UNDERLYING SAID PREMISES AND THE RIGHT TO MINE AND REMOVE SAME.

Commonly known as 210 North 48th Street, Belleville, IL 62226

Permanent Index No.:  08-07-0-414-004; 08-07-0-414-005

j) Statement as to defaults: The Mortgage is in default due to the failure of the mortgagor to pay the monthly installments of principal, interest, taxes and insurance, and any other escrow items that may apply, for the period August 2010 through the present.  There remains an outstanding principal balance of $54,413.42 with interest accruing at $272.07 per diem plus attorneys fees, foreclosure costs, late charges, advances and expenses incurred by the Plaintiff as a result of the default.

k) Name of present owner(s) of the real estate:

George A. Songer

l) Names of other persons who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:

State of Illinois, by virtue of a Recapture Agreement dated July 18, 2008 and recorded July 21, 2008 as Document No. A02114854, made by

2 of 19

George A. Songer to Illinois Housing Development Authority, to secure a note in the amount of $3,000.00.

St. Clair County, by virtue of a Mortgage made by George A. Songer to St. Clair County Intergovernmental Grants Department recorded July 21, 2008 as Document No. A02114855, in the amount of $1,000.00.

United States of America by reason of Notice of Federal Tax Lien against George A. Songer a/k/a George Allen Songer a/k/a George Allen Songer, Sr., 210 North 48th Street, Belleville, IL 62226 in the amount of $16,110.01, which notice or lien was filed by the Internal Revenue Office identified as Small Business/Self Employed Area #4 Serial No. 685095910 and which lien was recorded on August 18, 2010 in the office of the Saint Clair County Recorder of Deeds as Document No. A02225683.

Corinna Songer, upon information he/she is the spouse of George A. Songer a/k/a George Allen Songer a/k/a George Allen Songer, Sr. The actual interest of Corinna Songer, if any, is unknown to Plaintiff.

Unknown Owners and Non-Record Claimants, upon information and belief, may have an interest in the said property.

(1).    That in addition to person(s) designated by name herein, there are other person(s) who have or claim to have an interest in the mortgaged real estate which is not disclosed of record by recorded notice or proceeding which would give constructive notice and who are more fully defined in 735 ILCS 5/15-1210, and whose interest falls in any of the following categories: (1) right of homestead, (2) judgment creditor, (3) beneficiary interest under any trust other than the beneficial interest of a beneficiary of a trust in actual possession of all or part of the real estate, (4)unrecorded mechanics' lien claimant, or (5)any other entity or person who claims an interest in the Mortgaged Premises. That the name or names of these claimants and all such other persons are made party defendants to this action by the name and description of "UNKNOWN OWNERS AND/OR NON-RECORD CLAIMANTS".

m)    Names of defendants claimed to be personally liable for deficiency, if any:

None

unless any of such defendants have been discharged in Bankruptcy, in which case no such deficiency is sought.

n)    Capacity in which Plaintiff brings this foreclosure:

3 of 19

Plaintiff is the legal holder of the indebtedness secured by the mortgage being foreclosed herein.

o) Facts in support of redemption period, shorter than the longer of: (i) 7 months from the date the mortgagor or, if more than one, all the mortgagors (I) have been served with summons or by publication or (II) have otherwise submitted to the jurisdiction of the Court, if residential real estate; (ii) 6 months from the date the mortgagor or, if more than one, all the mortgagors (I) have been served with summons or by publication or (II) have otherwise submitted to the jurisdiction of the Court, if commercial real estate; or (iii) 3 months from the entry of the judgment of foreclosure, whichever is later.

That pursuant to the terms of the 735 ILCS 5/15-1603, the Court determine the length of the redemption period upon making a finding based on the facts and circumstances available to the Court at the time of judgment that the property is either residential, non-residential or abandoned.

p) Facts in support of request for attorney's fees and of costs and expenses:

That pursuant to the terms of the Note and Mortgage, the mortgagee is entitled to recover attorney's fees, court costs, title costs, and other expenses which plaintiff has been and will be required to expend in the prosecution of this foreclosure.

q) Determination as to residential real estate:

(1). That pursuant to the terms of 735 ILCS 5/15-1219, Plaintiff requests that the court make a finding based upon facts and circumstances available to the court at the time of Judgment that the subject real estate is either "residential real estate" occupied as a principal residence either (i) if a mortgagor is an individual, by that mortgagor, that mortgagor's spouse or that mortgagor's descendants, or (ii) if a mortgagor is a trustee of a trust or an executor or administrator of an estate, by a beneficiary of that trust or estate or by such beneficiary's spouse or descendants or (iii) if a mortgagor is a corporation, by persons owning collectively at least 50 percent of the shares of voting stock of such corporation or by a spouse or descendants of such persons and subject to a 7 month redemption period.

(2). In the event that the court finds that either: (1) the real estate is residential, then the real estate shall be subject to a seven (7) month redemption period, or (2) The real estate is non-residential, then the real estate is subject to a six (6) month redemption period.

I2F SUBMITTED - 17163171 - HUGHGREEN - 05/09/2011 15:30:55 DOCUMENT ACCEPTED ON: 05/10/2011 11:24:18 CDT

r)    Facts in support of a request for appointment of mortgagee in possession or for appointment of a receiver, and identity of such receiver, if sought: None at this time; Plaintiff reserves the right to file a separate Petition for Appointment of Mortgagee in Possession or Receiver if applicable.

s)    Name or names of defendants whose right to possess the mortgaged real estate, after the confirmation of the foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof:

George A. Songer a/k/a George Allen Songer a/k/a George Allen Songer, Sr., Corinna Songer and Unknown Owners and Non-Record Claimants

5 of 19

## COUNT II – REFORMATION OF DOCUMENT(S)

5.      Plaintiff restates, reaffirms, and incorporates by reference paragraphs 1-4, as and for paragraph 5, as though fully pleaded herein.

6.      The Mortgage dated July 18, 2008 and recorded on July 21, 2008 as Document No. A02114853 contains an inadvertent error in the legal description. The legal description on the Mortgage inadvertently contains an error or omits a phrase from the actual legal description (identified in bold). The accurate legal description that should be on the Mortgage is:

THE SURFACE OF LOTS 4 AND 5 OF "SUBDIVISION OF PART OF LOT 7B OF SOUTHEAST QUARTER (1/4) SECTION 7 TOWNSHIP ONE (1) NORTH RANGE EIGHT (8) WEST", REFERENCE BEING HAD TO THE PLAT THEREOF RECORDED IN THE RECORDER'S OFFICE OF ST. CLAIR COUNTY, ILLINOIS. EXCEPTING A STRIP OF LAND 4 FEET WIDE OFF THE SOUTHEASTERLY SIDE OF EACH OF SAID LOTS RESERVED FOR ALLEY PURPOSES, SITUATED IN **ST. CLAIR COUNTY, ILLINOIS**. EXCEPT THE COAL, OIL, GAS AND OTHER MINERALS UNDERLYING SAID PREMISES **AND THE RIGHT TO MINE AND REMOVE SAME.**

7.      It was the intent of the parties that the Mortgage encumber the real property commonly known as 210 North 48th Street, Belleville, IL 62226, with the Permanent Index No. 08-07-0-414-004; 08-07-0-414-005.

8.      The error contained in the legal description is a scriveners error and that the mortgage was intended, at the time it was executed and recorded, to contain the correct legal description as is identified in the accurate legal description above so as to properly encumber the mortgaged real property.

9.      Notwithstanding this inadvertent omission and scriveners error, the Mortgage still contains sufficient information necessary to identify the property commonly known as 210 North 48th Street, Belleville, IL 62226.

10.     Notwithstanding this inadvertent omission, the Mortgage still encumbers, and is a valid lien upon the real property commonly known as 210 North 48th Street, Belleville, IL 62226.

Wherefore, the Plaintiff respectfully requests the Court enter a judgment reforming the subject Mortgage and any subsequent assignments to accurately state and describe the legal description for the property commonly known as 210 North 48th Street, Belleville, IL 62226, and for all other equitable relief the Court deems appropriate.

## REQUEST FOR RELIEF

Plaintiff request:

1. A judgment to foreclose such mortgage and Judicial sale by the Sheriff of St. Clair County or Judicial Sales Officer appointed for that purpose.

2. An order granting a shortened redemption period, as applicable.

3. A personal judgment for a deficiency, if sought, only against those Defendants / Obligors, who have not received an order discharging the subject debt in bankruptcy proceedings, or who are not currently involved in bankruptcy proceedings in which the stay has been modified for the sole purpose of foreclosing the subject lien.

4. An order granting possession, if sought.

5. An order placing the mortgagee in possession or appointing a receiver, if sought.

6. A judgment including attorneys' fees, costs and expenses including but not limited to payments for taxes, insurance, securing, inspections and other expenses of the plaintiff.

7. For a finding that the interests of all named defendants are junior and subservient to the mortgage lien being foreclosed herein and the termination of leaseholds, if any.

8. An order enforcing its assignment of rents derived from said real estate, if applicable.

9. For such other and further relief as the Court deems just, including, but not limited to, declaratory and injunctive relief.

## ADDITIONAL REQUEST FOR RELIEF

10. A sale by public auction

11. A cash sale by open bid

12. A provision that a Sales Officer, the Sheriff of St. Clair County, or a special commissioner shall conduct the sale for a reasonable fee, which fee shall be recoverable by Plaintiff in the event of redemption.

13. An order that title in the real estate may be subject, at the sale, to exceptions including general real estate taxes for the current year and for preceding years which have not become due and payable as of the date of entry of the judgment

7 of 19

of foreclosure, any special assessments upon real estate, and easements and restrictions of record.

14. That the plaintiff be entitled to recover in any reinstatement or redemption, any additional taxes paid, or advances paid for expenses including, but not limited to, insurance, inspection, boarding and securing said premises, or other expenses to preserve and protect said security.

15. The following reformation is sought:

a) The Mortgage dated July 18, 2008 and recorded on July 21, 2008 as Document No. A02114853 contains an inadvertent error in the legal description. The legal description on the Mortgage inadvertently contains an error or omits a phrase from the actual legal description (identified in bold). The accurate legal description that should be on the Mortgage is:

THE SURFACE OF LOTS 4 AND 5 OF "SUBDIVISION OF PART OF LOT 7B OF SOUTHEAST QUARTER (1/4) SECTION 7 TOWNSHIP ONE (1) NORTH RANGE EIGHT (8) WEST", REFERENCE BEING HAD TO THE PLAT THEREOF RECORDED IN THE RECORDER'S OFFICE OF ST. CLAIR COUNTY, ILLINOIS. EXCEPTING A STRIP OF LAND 4 FEET WIDE OFF THE SOUTHEASTERLY SIDE OF EACH OF SAID LOTS RESERVED FOR ALLEY PURPOSES, SITUATED IN **ST. CLAIR COUNTY, ILLINOIS.** EXCEPT THE COAL, OIL, GAS AND OTHER MINERALS UNDERLYING SAID PREMISES **AND THE RIGHT TO MINE AND REMOVE SAME.**

Respectfully submitted,

_____
One of Plaintiff's Attorneys

Hugh J. Green

Randal S. Berg (6277119)
Benjamin N. Burstein (6299216)
Christopher A. Cieniawa (6187452)
Jim DeMars (6292689)
Michael Fisher (6216064)
Hugh J. Green (6289616)
Joseph M. Herbas (6277645)
Dexter L. Holt (6244552)
Aaron R. Isaacson (6296801)
Alan Kaufman (6289893)
Frank Lin (6290053)
Shara Netterstrom (6294499)
Lee Scott Perres (6181244)
Marcos J. Posada (6295359)
Sachin P. Shah (6298690)

Steven C. Weiss (6301158)
Laura A. Wolf (6297985)

Fisher and Shapiro, LLC
Attorneys for Plaintiff
2121 Waukegan Road, Suite 301
Bannockburn, IL 60015
(847)291-1717

The Law Offices of LeChien & LeChien, P.C.
120 W. Main Street, Ste. 110
Belleville, IL 62220
(618) 235-1637
(618) 235-2811 Fax

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. PLEASE BE ADVISED THAT IF YOUR PERSONAL LIABILITY FOR THIS DEBT HAS BEEN EXTINGUISHED BY A DISCHARGE IN BANKRUPTCY OR BY AN ORDER GRANTING IN REM RELIEF FROM STAY, THIS NOTICE IS PROVIDED SOLELY TO FORECLOSE THE MORTGAGE REMAINING ON YOUR PROPERTY AND IS NOT AN ATTEMPT TO COLLECT THE DISCHARGED PERSONAL OBLIGATION.

8 OF 19

# EXHIBIT A

JUL. 21, 2008    727    A02114853 ✓

② Return To:
**FHHL - POST CLOSING MAIL ROOM**

**1555 W WALNUT HILL LN #200 MC 6712
IRVING, TX 75038**

UTC
12224

Prepared By:
**FIRST HORIZON HOME LOANS,
A DIVISION OF FIRST TENNESSEE BANK N.A.
5 OAK DRIVE
MARYVILLE, IL 62062**

STATE OF ILLINOIS
ST. CLAIR COUNTY
BELLEVILLE IL 62220

08 JUL 21 PM 12: 53

*Michael T Costello*

RECORDER

---

State of Illinois

## MORTGAGE

| FHA Case No. |
| ▓▓▓▓▓▓▓▓▓▓ |

MIN  ▓▓▓▓▓▓▓▓▓▓

25'

THIS MORTGAGE ("Security Instrument") is given on  July 18, 2008
The Mortgagor is   George A. Songer, A Married Man

State Imposed
Surcharge
Rental Housing surcharge: $10.00

("Borrower"). This Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as mortgagee. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

**FIRST HORIZON HOME LOANS, A DIVISION OF FIRST TENNESSEE BANK N.A.**
("Lender") is organized and existing under the laws of   THE UNITED STATES OF AMERICA   , and
has an address of  4000 HORIZON WAY,
          IRVING, TEXAS 75063          . Borrower owes Lender the principal sum of
**FIFTY NINE THOUSAND THREE HUNDRED SEVENTY SEVEN & 00/100**
                    Dollars (U.S. $    59,377.00    ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on  August 1st, 2023
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and

▓▓▓▓▓▓  **FHA Illinois Mortgage with MERS - 4/96**
Wolters Kluwer Financial Services
VMP®-4N(IL) (0305).01                  Amended 2/01
Page 1 of 9          Initials: ▓▓



9

I2F SUBMITTED - 17163171 - HUGHGREEN - 05/09/2011 15:30:55█DOCUMENT ACCEPTED ON: 05/10/2011 11:24:18 CDT

JUL. 21. 2008        728

agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property located in

St. Clair                                                                                          County, Illinois:

THE SURFACE OF LOTS 4 AND 5 OF "SUBDIVISION OF PART OF LOT 7B OF SOUTHEAST QUARTER (1/4) SECTION 7 TOWNSHIP ONE (1) NORTH RANGE EIGHT (8) WEST", REFERENCE BEING HAD TO THE PLAT THEREOF RECORDED IN THE RECORDER'S OFFICE OF ST. CLAIR COUNTY, ILLINOIS.

EXCEPTING A STRIP OF LAND 4 FEET WIDE OFF THE SOUTHEASTERLY SIDE OF EACH OF SAID LOTS RESERVED FOR ALLEY PURPOSES, SITUATED IN ST. CLAIR COUNTY.

EXCEPT THE COAL, OIL, GAS AND OTHER MINERALS UNDERLYING SAID PREMISES

Parcel ID Number: County: 08-07.0-414-004   08-07.0-414-005 City:
                                                                                                                  [Street]
which has the address of        210 N 48th St
Belleville                                              [City], Illinois   62226        [Zip Code] ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

1. Payment of Principal, Interest and Late Charge. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. Monthly Payment of Taxes, Insurance and Other Charges. Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 *et seq.* and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

Initials: _CS_
                _BS_

VMP®-4N(IL) (0305).01                              Page 2 of 9

1D of 19

JUL. 2 1. 2008     729

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3. **Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

4. **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5. **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall

I2F SUBMITTED - 17163171 - HUGHGREEN - 05/09/2011 15:30:55 DOCUMENT ACCEPTED ON: 05/10/2011 11:24:18 CDT

JUL. 21, 2008    730

also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

**9. Grounds for Acceleration of Debt.**

(a) **Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

VMP®-4N(IL) (0305).01                Page 4 of 9                Initials: _____

12 OF 19

JUL. 21. 2008     731

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) No Waiver. If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) Mortgage Not Insured. Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10. Reinstatement. Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

11. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers. The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

Initials:

VMP®-4N(IL) (0305).01                    Page 5 of 9

13 of 19

JUL. 21. 2008      732

13. Notices. Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

14. Governing Law; Severability. This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

15. Borrower's Copy. Borrower shall be given one conformed copy of the Note and of this Security Instrument.

16. Hazardous Substances. Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. Assignment of Rents. Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

VMP®-4N(IL) (0305).01      Page 8 of 9      Initials: _CL_ _AB_

14 OF 19

JUL. 21. 2008     **733**

18. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 *et seq.*) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

19. Release. Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

20. Waiver of Homestead. Borrower waives all right of homestead exemption in the Property.

21. Riders to this Security Instrument. If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Condominium Rider                    ☐ Growing Equity Rider           ☐ Other [specify]
☐ Planned Unit Development Rider        ☐ Graduated Payment Rider

VMP®-4N(IL) (0305).01                         Page 7 of 9                              Initials: _____

I2F SUBMITTED - 17163171 - HUGHGREEN - 05/09/2011 15:30:55 DOCUMENT ACCEPTED ON: 05/10/2011 11:24:18 CDT

JUL. 2 1. 2008     **734**

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____     _~George A. Songer~_____  (Seal)
                            George A. Songer                -Borrower

_____     _~Corinna Songer~_____  (Seal)
                            Corinna Songer              -Borrower

_____  (Seal)     _____  (Seal)
              -Borrower                          -Borrower

_____  (Seal)     _____  (Seal)
              -Borrower                          -Borrower

_____  (Seal)     _____  (Seal)
              -Borrower                          -Borrower

VMP®-4N(IL) (0305).01                    Page 8 of 9

16 of 19

I2F SUBMITTED - 17163171 - HUGHGREEN - 05/09/2011 15:30:55 DOCUMENT ACCEPTED ON: 05/10/2011 11:24:18 CDT

JUL. 21 2008      735

STATE OF ILLINOIS,          ST. CLAIR    Clay          County ss:

I, Barbara Slobodzian , a Notary Public in and for said county and state do hereby certify

that   George A. Songer

Corinna Songer

, personally known to me to be the same person(s) whose name(s)

subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that he/she/they signed and delivered the said instrument as his/her/their free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and official seal, this  12th  day of  July, 2008

My Commission Expires:  7-27-08         _Barbara Slobodzian_
                                          Notary Public

```
┌─────────────────────────────────┐
│          OFFICIAL SEAL          │
│       BARBARA SLOBODZIAN        │
│   NOTARY PUBLIC, STATE OF ILLINOIS  │
│  MY COMMISSION EXPIRES 7-27-2008   │
└─────────────────────────────────┘
```

VMP®-4N(IL) (0305).01                Page 9 of 9

************

I2F SUBMITTED - 17163171 - HUGHGREEN - 05/09/2011 15:30:55 DOCUMENT ACCEPTED ON: 05/10/2011 11:24:18 CDT

# EXHIBIT B

## NOTE

**Multistate**

| FHA Case No. |
|---|
| ██████████ |

**July 18th, 2008**

[Date]

**210 N 48th St, Belleville, Illinois 62226**

[Property Address]

### 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means **FIRST HORIZON HOME LOANS, A DIVISION OF FIRST TENNESSEE BANK N.A.**

and its successors and assigns.

### 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of **FIFTY NINE THOUSAND THREE HUNDRED SEVENTY SEVEN & 00/100**

Dollars (U.S. $ **59,377.00** ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of **SIX** percent ( **6.000** %) per year until the full amount of principal has been paid.

### 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

### 4. MANNER OF PAYMENT

**(A) Time**

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on **September 1st** , **2008** . Any principal and interest remaining on the first day of **August** **2023** , will be due on that date, which is called the "Maturity Date."

**(B) Place**

Payment shall be made at **PO BOX 809, MEMPHIS, TN 38101**
or at such place as Lender may designate in writing by notice to Borrower.

**(C) Amount**

Each monthly payment of principal and interest will be in the amount of U.S. $ **501.06** . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

**(D) Allonge to this Note for payment adjustments**

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

☐ Graduated Payment Allonge   ☐ Growing Equity Allonge   ☐ Other [specify]

### 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

**FHA Multistate Fixed Rate Note - 10/95**

██VMP██ **-1R** (0210).01
VMP Mortgage Solutions (800)521-7291
Page 1 of 2                                    Initials: _JL_

18 of 19

I2F SUBMITTED - 17163171 - HUGHGREEN - 05/09/2011 15:30:55██DOCUMENT ACCEPTED ON: 05/10/2011 11:24:18 CDT



## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of **FOUR** percent ( **4.00** %) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)           _____ (Seal)
George A. Songer      -Borrower                                      -Borrower

_____ (Seal)           _____ (Seal)
                      -Borrower                                              -Borrower

_____ (Seal)           _____ (Seal)
                      -Borrower                                              -Borrower

_____ (Seal)           _____ (Seal)
                      -Borrower                                              -Borrower



19 of 19

I2F SUBMITTED - 17163171 - HUGHGREEN - 05/09/2011 15:30:55 DOCUMENT ACCEPTED ON: 05/10/2011 11:24:18 CDT

11-052057

## IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT
## ST. CLAIR COUNTY, BELLEVILLE, ILLINOIS

FIRST HORIZON HOME LOANS, A
DIVISION OF FIRST TENNESSEE BANK
NATIONAL ASSOCIATION
        PLAINTIFF,

-vs-

NO. 11CH480

GEORGE A. SONGER A/K/A GEORGE
ALLEN SONGER A/K/A GEORGE ALLEN
SONGER, SR.; CORINNA SONGER;
STATE OF ILLINOIS; ST. CLAIR COUNTY;
UNITED STATES OF AMERICA;
UNKNOWN OWNERS AND NON-RECORD
CLAIMANTS
        DEFENDANTS

*Kahalah A. Dixon*
******* Electronically Filed *******
Transaction Id : 17163171
11CH480
05/09/2011
BREM SUSAN

### AFFIDAVIT AS TO UNKNOWN OWNERS AND NON-RECORD CLAIMANTS

    I, the undersigned, do hereby certify that I am one of the attorneys and duly authorized agent of plaintiff and states as follows:

    In addition to persons designated by name in the complaint in this action, there are other persons who may have or claim to have an interest in the mortgaged real estate which is not disclosed of record by recorded notice or proceeding which would give constructive notice and who are more fully defined in 735 ILCS 5/15-1210; and whose interests falls in any of the following categories: (1) right of homestead, (2) judgment creditor, (3) beneficial interest under any trust other than the beneficial interest of beneficiary of a trust in actual possession of all or part of the real estate, (4)unrecorded mechanics' lien claimant; or (5)any other entity or person who claims an interest in the Mortgaged Premises. That the name or names of these other persons are unknown to the plaintiff and to this deponent and all such other persons are made party defendants to this action by the name and description of "UNKNOWN OWNERS AND/OR NON-RECORD CLAIMANTS".

    Affiant further sayeth not.

_____
One of Plaintiff's Attorneys

Hugh J. Green

1 of 2

## CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the code of Civil Procedures, the undersigned certifies that the statements set forth in this instrument are true and correct except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

Dated this ___ day of _____, 2011.

_____
One of Plaintiff's Attorneys

**Hugh J. Green**

Randal S. Berg (6277119)
Benjamin N. Burstein (6299216)
Christopher A. Cieniawa (6187452)
Jim DeMars (6292689)
Michael Fisher (6216064)
Hugh J. Green (6289616)
Joseph M. Herbas (6277645)
Dexter L. Holt (6244552)
Aaron R. Isaacson (6296801)
Alan Kaufman (6289893)
Frank Lin (6290053)
Shara Netterstrom (6294499)
Lee Scott Perres (6181244)
Marcos J. Posada (6295359)
Sachin P. Shah (6298690)
Steven C. Weiss (6301158)
Laura A. Wolf (6297986)

Fisher and Shapiro, LLC
Attorneys for Plaintiff
2121 Waukegan Road, Suite 301
Bannockburn, IL 60015
(847)291-1717

The Law Offices of LeChien & LeChien, P.C.
120 W. Main Street, Ste. 110
Belleville, IL 62220
(618) 235-1637
(618) 235-2811 Fax

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. PLEASE BE ADVISED THAT IF YOUR PERSONAL LIABILITY FOR THIS DEBT HAS BEEN EXTINGUISHED BY A DISCHARGE IN BANKRUPTCY OR BY AN ORDER GRANTING IN REM RELIEF FROM STAY, THIS NOTICE IS PROVIDED SOLELY TO FORECLOSE THE MORTGAGE REMAINING ON YOUR PROPERTY AND IS NOT AN ATTEMPT TO COLLECT THE DISCHARGED PERSONAL OBLIGATION.

11-052057

# IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT
## ST. CLAIR COUNTY, BELLEVILLE, ILLINOIS

FIRST HORIZON HOME LOANS, A DIVISION OF
FIRST TENNESSEE BANK NATIONAL
ASSOCIATION
          PLAINTIFF,
-vs-
GEORGE A. SONGER A/K/A GEORGE ALLEN
SONGER A/K/A GEORGE ALLEN SONGER, SR.;
CORINNA SONGER; STATE OF ILLINOIS; ST.
CLAIR COUNTY; UNITED STATES OF AMERICA;
UNKNOWN OWNERS AND NON-RECORD
CLAIMANTS
          DEFENDANTS

NO.     11CH480

## NOTICE OF FORECLOSURE
### LIS PENDENS

I, the undersigned, do hereby certify that the above entitled cause was filed in the above Court on ___05/09/2011___, 2011, for Foreclosure and is now pending in said Court.

**AND FURTHER SAYETH:**

1.      Names of Title Holders of Record:

       George A. Songer

2.      The following Mortgage is sought to be foreclosed:

Mortgage made by George A. Songer to Mortgage Electronic Registration Systems, Inc., as Nominee for First Horizon Home Loans, a Division of First Tennessee Bank N.A. and recorded July 21, 2008 as Document No. A02114853 in the St. Clair County Recorder's Office, having a legal description and common address as follows:

THE SURFACE OF LOTS 4 AND 5 OF "SUBDIVISION OF PART OF LOT 7B OF SOUTHEAST QUARTER (1/4) SECTION 7 TOWNSHIP ONE (1) NORTH RANGE EIGHT (8) WEST", REFERENCE BEING HAD TO THE PLAT THEREOF RECORDED IN THE RECORDER'S OFFICE OF ST. CLAIR COUNTY, ILLINOIS. EXCEPTING A STRIP OF LAND 4 FEET WIDE

OFF THE SOUTHEASTERLY SIDE OF EACH OF SAID LOTS RESERVED FOR ALLEY PURPOSES, SITUATED IN ST. CLAIR COUNTY, ILLINOIS. EXCEPT THE COAL, OIL, GAS AND OTHER MINERALS UNDERLYING SAID PREMISES AND THE RIGHT TO MINE AND REMOVE SAME.

Commonly known as 210 North 48th Street, Belleville, IL 62226

Permanent Index No.: 08-07-0-414-004; 08-07-0-414-005

3.  Parties against whom foreclosure is sought:

George A. Songer a/k/a George Allen Songer a/k/a George Allen Songer, Sr.; Corinna Songer; State of Illinois; St. Clair County; United States of America; United States of America; Unknown Owners and Non-Record Claimants

4.  The following reformation is sought:

a)  The Mortgage dated July 18, 2008 and recorded on July 21, 2008 as Document No. A02114853 contains an inadvertent error in the legal description. The legal description on the Mortgage inadvertently contains an error or omits a phrase from the actual legal description (identified in bold). The accurate legal description that should be on the Mortgage is:

THE SURFACE OF LOTS 4 AND 5 OF "SUBDIVISION OF PART OF LOT 7B OF SOUTHEAST QUARTER (1/4) SECTION 7 TOWNSHIP ONE (1) NORTH RANGE EIGHT (8) WEST", REFERENCE BEING HAD TO THE PLAT THEREOF RECORDED IN THE RECORDER'S OFFICE OF ST. CLAIR COUNTY, ILLINOIS. EXCEPTING A STRIP OF LAND 4 FEET WIDE OFF THE SOUTHEASTERLY SIDE OF EACH OF SAID LOTS RESERVED FOR ALLEY PURPOSES, SITUATED IN **ST. CLAIR COUNTY, ILLINOIS**. EXCEPT THE COAL, OIL, GAS AND OTHER MINERALS UNDERLYING SAID PREMISES **AND THE RIGHT TO MINE AND REMOVE SAME.**

SIGNATURE: _____
            Attorney of Record

Hugh J. Green

PREPARED BY AND MAIL TO:

Randal S. Berg (6277119)
Benjamin N. Burstein (6299216)
Christopher A. Cieniawa (6187452)
Jim DeMars (6292689)
Michael Fisher (6216064)
Hugh J. Green (6289616)
Joseph M. Herbas (6277645)
Dexter L. Holt (6244552)
Aaron R. Isaacson (6296801)
Alan Kaufman (6289893)
Frank Lin (6290053)
Shara Netterstrom (6294499)
Lee Scott Perres (6181244)
Marcos J. Posada (6295359)

(IN COOK COUNTY: MAIL TO BOX 254)

Shah (6298690)
Steven C. Weiss (6301158)
Laura A. Wolf (6297986)

Fisher and Shapiro, LLC
Attorneys for Plaintiff
2121 Waukegan Road, Suite 301
Bannockburn, IL 60015
(847)291-1717

The Law Offices of LeChien & LeChien, P.C.
120 W. Main Street, Ste. 110
Belleville, IL  62220
(618) 235-1637
(618) 235-2811 Fax

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. PLEASE BE ADVISED THAT IF YOUR PERSONAL LIABILITY FOR THIS DEBT HAS BEEN EXTINGUISHED BY A DISCHARGE IN BANKRUPTCY OR BY AN ORDER GRANTING IN REM RELIEF FROM STAY, THIS NOTICE IS PROVIDED SOLELY TO FORECLOSE THE MORTGAGE REMAINING ON YOUR PROPERTY AND IS NOT AN ATTEMPT TO COLLECT THE DISCHARGED PERSONAL OBLIGATION.

2 of 2